MAD RIVER NAT. BANK v. C. M. MELHORN AND J. BREWER, TRUSTEES.

DEPOSIT OF NOTE FOR COLLECTION AND REMITTANCE ESTABLISHES THE RELATION OF PRINCIPAL AND AGENT AND THE TRUST FUND THUS CREATED IS NOT SUBJECT TO ASSIGNMENT.

A note due in New York was deposited in a private bank for "collection and remittance," and after collection this bank gave the depositor a draft on a New York bank for the proceeds, but failed before it could be collected, and the New York bank remitted the amount due from it to the insolvent bank to its assignee for creditors: *Held,* the depositor and the first bank were principal and agent. The draft did not terminate this relationship and the assignees must pay over.

ON APPEAL from the Court of Common Pleas of Hardin county.

MOORE, J.

The facts in this case are in but little if any dispute, and to briefly state them are as follows:

That the plaintiff is a national bank, organized and incorporated under the laws of the United States, doing a general banking business at Springfield, Ohio.

That Peter Ahlefeld, prior to July 18, 1893, was the owner of the Citizens' Bank, doing a banking business at Ada, Ohio.

That July 18, 1893, said Peter Ahlefeld made a general assignment for the benefit of his creditors, and Charles M. Melhorn and Justin Brewer became the assignees of his estate.

That on June 21, 1893, the plaintiff delivered to the Citizen's Bank, by mail, a promissory note for collection, of which note plaintiff was the owner, and with instructions—"For collection and remittance." The note was against one Hetrick for the sum of $500, and due July 14, 1893.

That on July 14, 1893, the Citizens' Bank collected said note, and on said day drew its draft in favor of plaintiff, on the Chase National Bank of New York, for the amount of such collection—less the sum of $23.75, which was the amount due the Citizens' Bank from plaintiff upon a collection in the hands of the latter.

That by due course of mail the plaintiff forwarded said draft, and it was on July 19, 1893, duly presented for payment to the Chase National Bank. That payment was refused, for the reason that said bank had been notified of the assignment of said Ahlefeld. That said Ahlefeld, in the name of the Citizens' Bank, had, at said time, to its credit in the Chase National Bank, $3,200.

That at the time of the assignment of said Ahlefeld, he had as cash in the Citizens' Bank, and which passed to the assignees, the sum of $3,200.

The assistant cashier of the Citizens' Bank, A. G. Ahlefeld, testified that he remembered the Hetrick collection. It was $500. He collected it. The collection was put in the fund of the bank, and passed to the assignee. So that we have no difficulty in finding that the collection went into the funds of the

Citizens' Bank, and made up a part of the $3,200 of money in the bank that passed to the assignees.

That the Chase National Bank has paid to the assignees the $3,200 that it held at the date of the assignment.

Upon these facts the plaintiff makes the claim that the collection made by the Citizens' Bank was a trust fund in its hands, and as such passed to the assignees to be paid by them to the plaintiff. This is denied by the defendants, who contend that the plaintiff is but a general creditor of the Ada bank, and should receive his dividend of the assets of the insolvent as other general creditors.

When the plaintiff transmitted to the Ada bank the note for "collection and remittance," the relation of principal and agent was created. The bank, as the agent of the plaintiff, had transmitted to it, and it received as agent of the plaintiff, the note for collection. As such agent, it was its duty to collect, and remit the collection to the plaintiff. The fact that the note was changed into money did not terminate the agency. Without the consent of the principal, the agency would not terminate until the agent remitted the collection. The fund or the proceeds of it, so long as it could be traced to the Ada bank or its assignees, would be held in trust for the plaintiff, just as much as the original note would have been held by them.

The Ada bank undertook to transmit the proceeds of the collection by draft on the Chase National Bank. The plaintiff was not negligent in presenting such draft for payment; payment was refused and the draft went to protest. This gave the plaintiff no right against the Chase National Bank whatever. *Covert* v. *Rhodes*, 48 O. S., 66.

The Ada bank did not by its draft remit to the plaintiff the proceeds of the collection. It did not by such act terminate the relation of principal and agent, and create that of debtor and creditor. The Ada bank, as we have found, had still in its possession the proceeds of the collection. As the agent of plaintiff it held such in trust for its principal, and it passed to the assignees with the trust impressed upon it. It is not the case where the agent disposed of the money by the purchase of a draft. In such case the proceeds of the collection would no longer remain with the agent. In the case at bar the agent sent his own check or draft, and retained in his possession the proceeds of the collection, which have passed to the assignees.

We think these views are fully sustained by our Supreme Court in the case of *Jones et al.* v. *Kilbreth*, 49 O. S., 401.

Decree for plaintiff as prayed for, with costs.

*Daugherty & Daugherty*, for plaintiff.

*Melhorn & Stillings*, for defendants.